859 So.2d 217 (2003)
Princess MARTIN, Individually and on Behalf of the Estate of Isaiah Martin, Carrie N. Martin, Calvin Martin, Marilyn Baldwin, Sharlyn Taylor, Kenneth Martin, Janet Martin, Murriel Jackson, Johnny Martin, Larry Martin, Michael Martin, and Terry W. Martin, Plaintiffs-Appellants,
v.
COMM-CARE CORPORATION d/b/a Community Care Center of Ruston, Defendant-Appellee.
No. 37,600-CA.
Court of Appeal of Louisiana, Second Circuit.
October 16, 2003.
*218 Adams & Johnston, P.C., by Robert M. Johnston, New Orleans, for Appellants.
Fleming & Associates, L.L.P., by C. Sean Jez, Christovich & Kearney, L.L.P., by James A. Holmes, New Orleans, for Appellee.
Before PEATROSS, DREW and MOORE, JJ.
DREW, J.
Princess Martin and her 11 adult children appeal the dismissal with prejudice (as prescribed) of their action for damages arising out of the death of Isaiah Martin, their husband and father. The Martin family contends that the dismissal defeats the policy underlying prescription and, further, that the doctrine of contra non valentem[1] suspended prescription. The judgment of the trial court is affirmed.

*219 FACTS AND PROCEDURAL HISTORY
Isaiah Martin was admitted to a nursing home, Comm-Care Corporation d/b/a Community Care Center of Ruston, on January 8, 1997. The Martins allege that Mr. Martin at that time was suffering from a Stage II decubitus ulcer and was unable to stand unassisted. The plaintiffs assert that, while at Comm-Care, Mr. Martin suffered from:
 numerous unexplained skin tears,
 inadequate medical care and worsening of the decubitus ulcers,
 a 31-pound weight loss,
 untreated and unmonitored fever over 101 degrees, and
 inadequate nutrition and hydration.
The Martins allege negligence and abuse on the part of the Comm-Care nursing home resulting in the death of Mr. Martin. The plaintiffs request damages for Mr. Martin's wrongful death based upon La. C.C. art. 2315.2. The Martin family also requested recovery of the decedent's own damages in a survival action pursuant to La. C.C. art. 2315.1.
The procedural history of the case as set forth in the record is as follows:
 01-08-1997 Martin admitted to Comm-Care nursing home.
 03-02-2000 Martin left Comm-Care nursing home and was admitted to the hospital.
 05-04-2000 Martin died.
 02-09-2001 Martins' petition was filed against Comm-Care.
 06-27-2001 Lawsuit was served on Comm-Care.
 07-02-2001 Motion for Extension of Time in which to plead was filed by Comm-Care.
 08-13-2001 Comm-Care files Exception of Prematurity to the Martins' suit, declaring
 that Comm-Care is enrolled in the Louisiana Compensation Fund and
 thus is entitled to review before a Medical Review Panel prior to the
 claim being heard by the District Court.
 11-20-2001 Martins file request for medical review panel with the Louisiana Division
 of Administration/Patient Compensation's Fund.
 02-14-2002 Martins' suit is dismissed without prejudice.
 06-24-2002 Comm-Care files Exception of Prescription to the Martins' Request for
 Medical Review.
 09-09-2002 Oral arguments on prescription issue heard by district court.
 09-19-2002 Written Reasons for Ruling, sustaining the Exception of Prescription was
 signed and filed by the trial court.
 11-25-2002 Petition for Devolutive Appeal was filed.
 11-26-2002 Order Granting Devolutive Appeal and Notice of Appeal was filed.
*220
 01-13-2003 Judgment sustaining Comm-Care's Exception of Prescription and dismissing
 the Martins' action with prejudice was signed by the trial court.
 01-15-2003 Judgment was filed.

DISCUSSION
The sole issue before this court is whether the trial court erred in granting the exception of prescription and dismissing the action with prejudice. The wrongful death action filed in district court within one year of Mr. Martin's death was dismissed as premature, and plaintiffs' request for a medical review panel was filed more than one year after the date of death. The burden of proving that a suit has prescribed rests with the party pleading prescription. However, when the plaintiffs' petition, on its face, shows that the prescriptive period has expired, the burden shifts to the plaintiffs to demonstrate suspension or interruption of the prescriptive period. Wilkes v. Carroll, 30,066 (La.App.2d Cir.12/10/97), 704 So.2d 938; Cruse v. Louisiana State University Medical Center, 34,779 (La.App.2d Cir.6/20/01), 792 So.2d 798. The Martins' action is prescribed on its face. Mr. Martin died on May 4, 2000, and the Martins' request for a medical review panel was not filed until November 20, 2001.
The Louisiana Medical Malpractice Act requires all medical malpractice actions against a qualified healthcare provider to be submitted to a Medical Review Panel prior to filing the suit in a state district court. La. R.S. 40:1299.47(B)(1)(a)(i). La. R.S. 40:1299.42 sets forth the requirements for a health care provider to be covered by the Medical Malpractice Act. Comm-Care was a qualified health care provider within the terms of the Act on May 4, 2000, and thereafter.
La. R.S. 9:5628(A) provides, in part:
No action for damages for injury or death against any physician, chiropractor,... dentist, psychologist, ... hospital... duly licensed under the laws of this state, ... as defined in R.S. 40:1299.41(A), whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought unless filed within one year from the date of ... discovery of the alleged act, omission or neglect....
Plaintiffs rely upon Renfroe v. State ex rel. Dep't of Transp. & Dev. XXXX-XXXX (La.2/26/02), 809 So.2d 947, which states that the "purpose of a prescription statute is to afford a defendant economic and psychological security" against untimely filed lawsuits and "to protect the defendant from stale claims and the loss of relevant proof." The plaintiffs contend that they should not be penalized for a non-prejudicial pleading error and that the defendant had actual knowledge of their claim.
The Martins also argue that the doctrine of contra non valentem should apply as they were misled by defendant Comm-Care into believing that the prescription issue would be waived if they agreed to dismiss their suit as premature without benefit of argument and that they would be allowed to re-file pending a decision by the medical review panel. Plaintiffs cite Matherne v. State Farm Mut. Auto. Ins., 599 So.2d 816 (La.App. 1st Cir.1992), writ denied, 600 So.2d 648 (La.1992), for the proposition that prescription should not toll against innocent plaintiffs who were lulled into a course of inaction in the enforcement of their right by reason of some concealment or fraudulent conduct on the part of the defendant, or because of his failure to perform some legal duty which kept plaintiffs in ignorance of their rights.
*221 In support of this contention, plaintiffs point out the defendant's actual knowledge of the impending claim. Prior to the death of Mr. Martin, the parties had engaged the services of a Texas attorney in April of 2000, suspecting that the decedent had suffered from abuse and neglect on the part of the nursing home. Following the death of Mr. Martin, the plaintiffs requested medical records from the facility. Suit was filed in February of 2001, within the prescriptive period, and discussions were held between the parties. Plaintiffs claim that Comm-Care had actual notice of the legal proceedings and that they took affirmative steps to preserve relevant evidence by opening discovery and noticing depositions.
Defendant, however, claims that there was no agreement to waive prescription and that it was under no duty to inform plaintiffs that it was a qualified health care provider under the Act prior to the filing of the suit. Defendant points out that it was not actually served with the suit until after the prescriptive period had run and that defendant notified plaintiffs at that time that Comm-Care was a qualified health care provider. Both parties argue in brief the content of their telephone conversations and discussions with regard to these issues. However, the court is unable to place any weight or credence on these arguments as nothing is contained within the record to support an agreement or the lack thereof.
It is well-settled that an appellate court cannot review evidence that is not in the record on appeal and cannot receive new evidence The record on appeal includes the pleadings, court minutes, transcript, judgments and other rulings, unless otherwise designated. La. C.C.P. art. 2128. An appellate court must render its judgment upon the record on appeal. La. C.C.P. art. 2164. Memoranda and exhibits which were not filed into evidence in the trial court are not part of the record on appeal. If a party's brief asserts facts which are not in the record and refers to exhibits which have not been filed into evidence in the trial record, an appellate court may not consider those memoranda and exhibits, since they are outside the record. The briefs of the parties and the attachments thereto are not part of the record on appeal. Appellate briefs are not part of the record on appeal, and this court has no authority to consider on appeal facts referred to in appellate briefs, or in exhibits, if those facts are not in the record on appeal. Reed v. Peoples State Bank of Many, 36,531 (La.App.2d Cir. 3/05/03), 839 So.2d 955. This appellate record contains no exhibits and neither the minutes of the prescription hearing nor the transcript thereof indicates that any evidence was filed.
In Lebreton v. Rabito, 1997-2221 (La.7/8/98), 714 So.2d 1226, the Louisiana Supreme Court explained that prescription in medical malpractice actions is governed by the Medical Malpractice Act.
Actions for medical malpractice against certain health care providers, such as the defendants herein, are governed by special laws, ... which delineate the liberative prescription applicable to actions for medical malpractice under Title 40. It specifically provides, inter alia, that the filing of a medical malpractice claim with the board only suspends the time within which suit must be instituted in a district court.
LeBreton at pp. 1229-1230.
LeBreton died on August 20, 1991. Plaintiff filed suit on August 18, 1992, and filed a request for a medical review panel on August 19, 1992. On July 20, 1993, the district court dismissed without prejudice the lawsuit as premature. On August 12, 1996, the LeBreton medical review panel *222 issued its opinion. On February 3, 1997, plaintiff filed her wrongful death action which was dismissed as prescribed. The LeBreton opinion dealt with the 90-day suspension of prescription provided after the medical review panel issues its opinion, during which time plaintiff must file the lawsuit. La. R.S. 40:1299.47(A)(2)(a).
The Martins' circumstances were addressed in Washington v. Fustok, XXXX-XXXX (La.9/21/01), 797 So.2d 56. The supreme court specifically held that plaintiff's premature suit in district court did not interrupt prescription and that the plaintiff's request for a medical review panel filed more than one year from the date of the alleged malpractice was untimely. Washington, supra. Filing a request for a medical review panel after one year from the date of the action has no effect because prescription cannot be suspended after it has run. Geiger v. St. of La. Dept. Health and Hosp., 2001-2206 (La.4/12/2002), 815 So.2d 80.
The Louisiana Medical Malpractice Act specifically sets forth guidelines and time limits. It is incumbent upon the attorney who files a medical malpractice claim in Louisiana to ascertain prior to filing the action, whether the provider is a qualified provider pursuant to the requirements of the Medical Malpractice Act.
Plaintiffs argue that their claim for wrongful death should be found viable because there is some confusion with regard to the prescriptive period of such a claim. In Taylor v. Giddens, 618 So.2d 834 (La. 1993), the supreme court stated that the wrongful death action is not a malpractice action and is not controlled by the prescriptive period found in the Medical Malpractice Act. The Taylor Court simply addressed the wording of La. R.S. 9:5628, which might suggest that a wrongful death claim based upon medical malpractice prescribes prior to the death of the decedent. The wrongful death action prescribes one year from the death of the deceased. La. C.C. art. 2315.2(B). This argument is also without merit.
With regard to the survival action, La. R.S. 9:5628(A) provides that the action shall be brought within one year of the alleged act, omission, or neglect, or within one year from the date of discovery of the alleged act, omission or neglect. The appropriate inquiry is whether the plaintiff had "sufficient information to incite curiosity, to excite attention, or to put a reasonably minded person on guard and call for inquiry." LaGrange v. Schumpert Medical Center, 33,541 (La.App.2d Cir.6/21/00), 765 So.2d 473. The Martins' pleadings establish they were aware of problems and had sufficient information at or shortly after the decedent was removed from Comm-Care nursing home. Prescription began to toll on the date of Mr. Martin's death, May 4, 2000. A timely request for review by a Medical Review Panel of the actions of the defendant, a qualified provider under the terms and conditions of the Medical Malpractice Act, was not made.
The Martins also rely upon La. C.C.P. art. 3462, which directs that prescription is interrupted when a party files the action in a court of incompetent jurisdiction or improper venue when the defendant is served within the prescriptive period. The plaintiffs urge that the trial court's action penalizes them for a non-prejudicial pleading error; i.e., filing the premature suit in district court before requesting the medical review panel. Plaintiffs' argument fails. Here, Comm-Care was not served until June 27, 2001, after the prescriptive period had expired on May 4, 2001. Moreover, the jurisprudence noted above makes it clear that prescription in medical malpractice claims is governed by the Medical Malpractice Act.
*223 In its reasons for judgment, the trial court found that the record did not support plaintiffs' claims concerning prescription. Our review reveals that the trial court correctly determined that the Martins' action had prescribed and dismissed the action with prejudice.

DECREE
The judgment of the trial court, which sustained the exception of prescription and dismissed the action with prejudice, is AFFIRMED. All costs are assessed to plaintiffs.
NOTES
[1] In order to mitigate occasional harshness of the operation of the prescription statute, our courts have implemented the jurisprudential principle of contra non valentem. This principle rests on the equitable notion that no one is required to exercise a right when it is impossible for him or her to do so. Harvey v. Dixie Graphics, Inc., 593 So.2d 351, 354 (La.1992).