|, PEATROSS, J.
Appellants, Princess Martin and her 11 adult children, seek review of a judgment sustaining an exception of res judicata. *1022 For the reasons stated herein, we reverse and remand.

FACTS

Appellants are making their second appearance before this court. In Martin v. Commr-Care Corporation, 37,600 (La.App.2d Cir.10/16/03), 859 So.2d 217, writ denied, 03-3188 (La.2/6/04), 866 So.2d 225 (“Martin One”), we affirmed a trial court judgment granting an exception of prescription in a wrongful death action. There, the Martins alleged negligence and abuse by Comm-Care nursing home resulting in the death of Isaiah Martin, husband of Princess Martin and father of the remaining appellants herein. The pertinent chronology in that case, set forth below, also serves to set the stage for the litigation now before this court:
• 01-08-1997 Isaiah Martin admitted to Comm-Care nursing home.
• 03-02-2000 Isaiah Martin left Comm-Care nursing home and was admitted to the hospital.
• 05-04-2000 Isaiah Martin died.
• 02-09-2001 Isaiah Martin’s petition was filed against Comm-Care.
• 06-27-2001 Lawsuit was served on Comm-Care.
• 07-02-2001 Motion for Extension of Time in which to plead was filed by Comm-Care.
• 08-13-2001 Comm-Care files Exception of Prematurity to the Martins’ suit, declaring that Comm-Care is enrolled in the Louisiana Compensation Fund and thus is entitled to review before a Medical Review Panel prior to the claim being heard by the district court.
• 11-20-2001 Martins file request for medical review panel with the Louisiana Division of Administration/Patient Compensation’s Fund.
• 02-14-2002 Martins’ suit is dismissed without prejudice.
• 06-24-2002 Comm-Care files Exception of Prescription to the Martins’ Request for Medical Review.
!;>• 09-09-2002 Oral arguments on prescription issue heard by district court.
• 09-19-2002 Written reasons for ruling, sustaining the Exception of Prescription was signed and filed by the trial court.
• 11-25-2002 Petition for devolutive appeal was filed.
• 11-26-2002 Order Granting devolutive appeal and notice of appeal was filed.
• 01-13-2003 Judgment sustaining Comm-Care’s Exception of prescription and dismissing the Martins’ action with prejudice was signed by the trial court.
• 01-15-2003 Judgment was filed.
We noted in Martin One that the supreme court had specifically addressed the Martins’ circumstances in Washington v. Fustok, 01-1601 (La.9/21/01), 797 So.2d 56, where the court held not only that a premature suit in district court did not interrupt prescription, but also that a request for a medical review panel filed more than one year from the date of the alleged malpractice was untimely. Furthermore, we held that Princess Martin’s filing of the wrongful death claim was not tolled either by her pleading error or by the doctrine of contra non valentem. Accordingly, we affirmed the trial court’s prescription judgment.
The same plaintiffs filed suit against the same defendants in the same district court on September 23, 2002 (“Martin Two”). The specific factual allegations of that petition, upon which plaintiffs claimed a violation of the Nursing Home Residents’ Bill of Rights Act (NHRBRA), breach of con *1023 tract and breach of fiduciary duty, are as follows:
a. Mr. Martin suffered from numerous unexplained skin tears;
b. The Nursing Home failed to notify Mr. Martin’s physician and family of his changing medical condition;
c. The Nursing Home failed to provide Mr. Martin with adequate and proper medical care and treatment to prevent the development and/or worsening of decubitus ulcers.
|3d. Mr. Martin experienced a 31-pound weight loss while under the care of Defendant;
•e. Mr. Martin also experienced teasing and taunting by Defendant’s nurses’ aides;
f. Between February 29, 2000, and March 2, 2000, Mr. Martin had a fever in excess of 101 degrees which was not properly monitored or treated; and,
g. Mr. Martin’s death was caused by pneumonia with contributing factors of malnutrition and decubitus ulcers.
Of the seven factual allegations listed above, five are identical to factual allegations made in Martin One. The two additional allegations in the instant litigation are allegations (e) concerning teasing and taunting and (g) concerning causation of Mr. Martin’s death by pneumonia with contributing factors of malnutrition and decubitus ulcers. In Martin One, the plaintiffs alleged that Mr. Martin would not have suffered from the listed conditions had he been properly cared for by Comm-Care. In Martin Two, the plaintiffs allege that Mr. Martin would not have suffered from the listed conditions but for Comm-Care’s “violation of the statutory duty owed to a nursing home resident and Defendant’s breach of contract and breach of fiduciary duty owed to the Plaintiffs and Mr. Martin.”
On November 14, 2002, Comm-Care filed an exception of res judicata in Martin Two. On August 18, 2003, the trial court issued “Reasons for Ruling” which essentially constituted a judgment granting the exception of res judicata. The plaintiffs then filed a timely devolutive appeal.
In the “Reasons for Ruling,” the trial court framed the issue as whether a claim previously filed under the Medical Malpractice Act and ultimately ruled to have prescribed can subsequently be filed under the ^provisions of the NHRBRA, La. R.S. 40:2010 et seq., without triggering the exception of res judicata. The court began its analysis by quoting the following provisions of res judicata law found in La. R.S. 13:4231:
Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
* * *
(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
Noting that the plaintiffs were urging that Comm-Care’s alleged negligent acts could be classified as non-medical and thus outside the scope of the Medical Malpractice Act, the trial court applied the six-part test set forth in Coleman v. Deno, 01-1517 (La.1/25/02), 813 So.2d 303 [1]. The *1024 trial court did not go through the Coleman analysis for each of the factual allegations listed in the petition, but stated that “it is clear that the elements of Princess Martin’s petition should be classified as medical malpractice.” Consequently, the court found that Martin Two was barred by res judicata as a result of the judgment in Martin One.
|fiThe trial court’s “Reasons for Ruling” did not note the fact that Martin One had been appealed; the plaintiffs later sought a writ of certiorari from the Louisiana Supreme Court on our decision in Martin One. Not until February 6, 2004, did the supreme court deny writs in Martin One. See Martin, supra.

DISCUSSION

Appellants’ single assignment of error is that the trial court erred in granting Comm-Care’s exception of res judicata and dismissing their claims with prejudice. The appellants then frame the issue as whether their claim should be dismissed even though there was not a final judgment upon which to base res judicata. This argument relies on the fact that the trial court’s decision in Martin One was not yet final and definitive at the time that the trial court ruled on the exception of res judicata in Martin Two. On the other hand, Comm-Care begins its argument by stating that the appellants base their appeal solely on the trial court’s alleged error in granting the exception on a judgment that was not yet final, but that the appellants “do not assign any error, or present any issue for appeal” regarding the trial court’s consideration of the merits of the exception. Accordingly, Comm-Care argues as an initial matter that the appellants have abandoned any assignment of error regarding the merits of the ruling and that the appeal rests solely on the assertion that the trial court’s granting of the exception was premature.
| fiComm-Care does not dispute the fact that the judgment in Martin One was not “technically” a final judgment under La. R.S. 13:4231 as a basis for res judicata. Instead, Comm-Care argues that, because Martin One became final and definitive on February 6, 2004, the grounds for the instant appeal are moot and the alleged prematurity of the res judicata ruling in Martin Two “is harmless error.”
In Avenue Plaza, L.L.C. v. Falgoust, 96-0173 (La.7/2/96), 676 So.2d 1077, the Louisiana Supreme Court noted that, under the provisions of La. R.S. 13:4231, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, and that, under the provisions of La. C.C.P. art. 2166(B), the appeal court judgment becomes final and definitive when the supreme court denies an application for certiorari. The court also noted that, under the provisions of La. C.C. art. 3506(31), a final judgment from which there can be no appeal acquires the authority of the thing adjudged and that, once a final judgment acquires the authority of the thing adjudged, no court has jurisdiction to change the judgment, regardless of the magnitude of the final judgment’s error. Accordingly, the court in Avenue Plaza held that an April 26, *1025 1995 appellate court judgment affirming an eviction acquired the authority of the thing adjudged and became final and definitive when the supreme court denied certiorari. See also Owens v. Book, 02-90 (La.App. 3d Cir.6/5/02), 819 So.2d 484.
Considering the statutory law and the jurisprudence, we must agree with appellants that the judgment in Martin One had not acquired the |7authority of the thing adjudged at the time the trial court in Martin Two rendered its judgment on the exception of res judicata. Instead, the trial court’s judgment acquired the authority of the thing adjudged on February 6, 2004, when the Louisiana Supreme Court denied writs in Martin One. Accordingly, the trial court erred in granting the exception of res judicata in Martin Two and the judgment is hereby reversed.
In light of our finding of prematurity of the judgment, we do not reach the merits of the exception.[2] We note, however, that the petition in Martin Two listed two additional factual allegations that were not included in the petition in Martin One, the first concerning teasing and taunting by Comm-Care nurses’ aides and the second concerning Mr. Martin’s death being the result of pneumonia with contributing factors of malnutrition and decubitus ulcers. While the latter allegation arguably falls into the category of medical malpractice that would be precluded by the final, definitive judgment in Martin One, there can be no argument that “teasing and taunting by Defendants’ nurses aides” could be a violation of the NHRBRA, but not the Medical Malpractice Act. Furthermore, the acts of teasing and taunting are intentional acts not subject to the Medical Malpractice Act, which defines medical malpractice as “any unintentional tort or any breach |sof contract based on health care or professional services rendered....” La. R.S. 40:1299.41(A).[3] Our decision today in no way prevents Comm-Care from again raising res judicata, thereby necessitating a determination as to whether alleged violations of one or more of Mr. Martin’s 21 rights as a nursing home resident under the NHRBR, that are not medical malpractice, may proceed. See Richard v. Extended Care Centers, Inc., 02-0978 (La.1/14/03), 835 So.2d 460; Miller ex rel. Miller v. Nursing Homes Management, Inc., 38,198 (La.App.2d Cir.3/5/04), 867 So.2d 1000; Jordan v. Stonebridge, L.L.C., 03-588 (La.App. 5th *1026 Cir.11/25/03), 862 So.2d 181, writ denied, 03-3520 (La.3/19/04), 869 So.2d 851.

CONCLUSION

For the foregoing reasons, the judgment of the trial court granting Comm-Care Corporation’s Exception of Res Judicata is reversed and the matter is remanded to the trial court for further proceedings. Costs of appeal are taxed against Comm-Care Corporation.
REVERSED AND REMANDED.

. Six factors apply to determine whether conduct by a qualified health care provider con *1024 stitutes "malpractice” for which a statutory cap on damages under Medical Malpractice Act (MMA) applies: (1) whether the particular wrong is treatment-related or caused by dereliction of professional skill; (2) whether the wrong requires expert medical evidence to determine whether appropriate standard of care was breached; (3) whether pertinent act or omission involved assessment of patient’s condition; (4) whether incident occurred in context of physician-patient relationship or was within scope of activities which a hospital is licensed to perform; (5) whether injury would have occurred if patient had not sought treatment; and (6) whether the tort alleged was intentional.

. We also observe that the exception of res judicata is a peremptory exception that cannot be supplied by the court, but must be specially pleaded. La. C.C.P. art. 927. Nevertheless, an appellate court may consider a peremptory exception filed for the first time in that court, if the exception is pleaded prior to the submission of the case for decision and if proof of the ground of the exception appears of record. La. C.C.P. art. 2163. Thus, even though the trial court was premature in finding Martin Two to be res judicata, Comm-Care could have filed an exception of res judicata in this court prior to submission of the case to make sure that the effect of the supreme court’s denial of certiorari in Martin One was considered here. Comm-Care, however, did not file an exception in this court until after submission of the case for decision and, therefore, the exception was not timely filed and will not be considered. La. C.C.P. art. 2163; Ware v. Wilson, 283 So.2d 813 (La.App. 2d Cir.1973), writ denied, 284 So.2d 774 (La.1973); Payne v. Trichel, 397 So.2d 16 (La.App. 3d Cir.1981).

. Since the allegation of the intentional acts of taunting and teasing does not fall within the Medical Malpractice Act, it was not required to be submitted to the medical review panel and, therefore, not required to be included in the petition for request of the same. In fact, plaintiffs were precluded from bringing in district court any additional claims, such as the taunting and teasing claim, they may have had that were not medical malpractice claims while the matter was pending before the medical review board.