# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## CA 06-101


**SEAN EDWARDS**

**VERSUS**

**FORD MOTOR COMPANY**


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
SEVENTH JUDICIAL DISTRICT COURT
PARISH OF CONCORDIA, NO. 37048
HONORABLE KATHY A. JOHNSON, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## JOHN D. SAUNDERS
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Elizabeth A. Pickett, and James T. Genovese, Judges.

**REVERSED.**

**Neal Glen Johnson**
**Assistant District Attorney**
**15th Judicial District Court**
**P. O. Box 3306**
**Lafayette, LA 70502**
**(337) 232-5170**
**Counsel for Plaintiff/Appellee:**
**Sean Edwards**

**Robert William Maxwell**
**Hilliard Finch Kelly**
**Michael B. Alker**
**McCranie, Sistrunk, Anzelmo, Hardy, Maxwell, & McDaniel**
**195 Greenbriar Blvd., Ste 200**
**Covington, LA 70433**
**(504) 831-0946**
**Counsel for Defendant/Appellant:**
**Ford Motor Company**

**Gregory Engelsman**
**Bolen, Parker & Brenner**
**P. O. Box 11590**
**Alexandria, LA 71315-1590**
**(318) 445-8236**
**Counsel for Plaintiff/Appellee:**
**Sean Edwards**

**SAUNDERS, Judge.**

This litigation arises from an incident wherein a vehicle's air bag unexpectedly deployed causing personal injuries. Suit was filed against the manufacturer of the vehicle, Ford Motor Company (hereinafter referred to as "Ford"), under the Louisiana Products Liability Act (hereinafter referred to as "LPLA") for defective design and/or manufacture and inadequate warning. Plaintiff, Sean Edwards, also pled the doctrine of *res ipsa loquitur*. Judgment was rendered in favor of plaintiff on the basis of *res ipsa loquitur*. We reverse.

**FACTS AND PROCEDURAL HISTORY**

Plaintiff leased the vehicle in question, a 1999 Ford F-250 pick-up truck, on May 25, 1999. Prior to the incident on August 8, 1999, plaintiff experienced no technical problems, but did notice a burning odor. The vehicle was never examined by a Ford technician to determine the cause of the odor nor did plaintiff, an automobile mechanic, ever personally attempt to ascertain the cause of the odor.

Upon returning from a shopping trip, plaintiff dropped his wife off at their home then drove the vehicle to his shop on adjoining property. He exited the vehicle while it was still running to open the door to his shop and when he re-entered the vehicle and shut the door the air bag deployed. Plaintiff initially sought treatment at the emergency room of Riverland Medical Center. He then began seeing Dr. Chad Norton, whose treatment lasted a few weeks, and contacted an attorney. Plaintiff's attorney recommended that he have the vehicle inspected by an expert and Mr. Edwards brought it to Charles Smith. The vehicle was then towed to a repair shop in Monroe for further inspection. When the towing company arrived, the dash of the subject vehicle caught fire. The fire was extinguished with a soft drink and the vehicle was transported.

Plaintiff filed suit under the LPLA and also pled the doctrine of *res ipsa loquitur*. At the close of plaintiff's case, Ford moved for a directed verdict arguing that liability had not been established pursuant to the LPLA. Plaintiff effectively abandoned his claims under the LPLA and argued only that *res ipsa loquitur* barred dismissal of the action. The trial court took Ford's motion under advisement until the conclusion of the trial at which time the motion was denied and judgment rendered on plaintiff's behalf. The basis of the judgment was the doctrine of *res ipsa loquitur*. Ford then timely filed this appeal.

**ASSIGNMENT OF ERROR**

> The trial court erred in rendering Judgment against Ford Motor Company where plaintiff/appellee, Sean Edwards, failed to prove Ford Motor Company's product was defective under the Louisiana Products Liability Act.

**STANDARD OF REVIEW**

A trial judge's findings of fact will not be disturbed unless they are manifestly erroneous or clearly wrong. *Stobart v. State, through Dep't of Transp. & Dev.*, 617 So.2d 880 (La.1993). "Absent 'manifest error' or unless it is 'clearly wrong,' the jury or trial court's findings of fact may not be disturbed on appeal." *Sistler v. Liberty Mut. Ins. Co.*, 558 So.2d 1106, 1111 (La.1990). "If the trial court or jury's findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently." *Id.* at 1112.

Issues regarding the sufficiency of evidence are legal in nature. *Darbonne v. Wal-Mart Stores, Inc.*, 00-551 (La.App. 3 Cir. 11/2/00), 774 So.2d 1022; *Fauntleroy v. Rainbow Marketers*, 04-926 (La.App. 3 Cir. 11/10/04), 888 So.2d 1045. When reviewing questions of law, appellate courts are to determine if the trial court's ruling

was legally correct or not. *Cleland v. City of Lake Charles*, 02-0805, 01-1463 (La.App. 3 Cir. 3/5/03), 840 So.2d 686, *writ denieds*, 03-1380, 03-1385 (La. 9/19/03), 853 So.2d 644, 645.

## DISCUSSION

When discussing plaintiff's burden under the doctrine of *res ipsa loquitur*, the trial court determined that it is not "necessary to rule out all other reasonable explanations or evidence to the contrary . . ." This statement reflects adherence to our decision in *Lawson v. Mitsubishi Motor Sales Am., Inc.*, 04-839 (La.App. 3 Cir. 12/29/04), 896 So.2d 149, *writ granted* 05-0257 (La. 4/29/05), 901 So.2d 1044, which was heavily relied upon by plaintiff both here and below. In *Lawson*, a vehicle's air bag was deployed when the driver honked her horn and we employed *res ipsa loquitur*. *Lawson*, however, is distinguishable from the case at bar. In that case, the plaintiff presented significant expert testimony from an engineer regarding the "forensic analysis of electronic component vehicle controls and failure analysis of air bag systems." *Id*. at 154. Furthermore, the expert in *Lawson* presented a specific theory attributing the air bag deployment to a clock malfunction. Plaintiff here did not present evidence of the same caliber as that presented in *Lawson*. This disparity in evidence and the lack of a plausible theory by plaintiff are the distinguishing characteristics and require a finding that the principles espoused in *Lawson* were not properly applied here.

We agree that plaintiff need not rule out each and every possible theory, for so requiring would render the doctrine of *res ipsa loquitur* meaningless. We do, however, find that plausible, well-developed theories absolving a defendant of liability must be addressed or alternative theories proposed. For to do otherwise is

3

to ignore the elephant in the living room and grant recovery for simply experiencing a strange accident. This is not the purpose of *res ipsa loquitur*. That doctrine is a vehicle by which negligence may be inferred, not a sword that blindly carves out a recovery. Plaintiff failed to offer direct evidence or plausible theories in contradiction of defendant's largely uncontradicted explanation in the instant matter. We will first address the evidence offered by defendant.

Ford manufactured approximately 600,000 F-Series trucks in 1999 and the vehicle at issue here represents the only instance of spontaneous air bag deployment. Defendant also introduced uncontradicted evidence indicating that the air bag did not deploy because of its negligence. Michael Nranian, a design analysis engineer for Ford, specializing in air design/manufacture and electrical systems, testified that, when he examined the vehicle at issue, a large amperage fuse was missing from a fuse panel. The air bag's power system runs through the same missing fuse. Mr. Nranian also noted that the vehicle had been tampered with. Specifically, he testified that a wire or some other object was inserted into the fuse panel where the missing fuse should have been located in order to power an aftermarket accessory. Accordingly, he concluded that the fuse panel providing power to the air bag system was overloaded. Air bag deployment, according to Mr. Nranian, is one of many possible results of tampering with the system in this manner.

Defendant also offered the testimony of Larry Helton, an expert in fire cause and origin. Mr. Helton corroborated Mr. Nranian's testimony regarding aftermarket alterations to the fuse panel. He testified that fuses, such as the one missing from the subject vehicle, are often removed by vehicle owners to wire radios or other electronic equipment. Mr. Helton stated that these alterations damage the entire

4

electrical system of the vehicle and present fire hazards. Noting the charring of the wires in the area of the missing fuse, he determined that aftermarket alterations caused the wires to overheat possibly resulting in the air bag deployment.

Plaintiff relied upon the testimony of Charles Smith, a construction worker who previously worked as a mechanic and whose expertise related to transmissions and engines, to establish that the defect in the air bag system was attributable to defendant. Mr. Smith testified that he pulled the cover off a box on the vehicle's steering column, noticed burned wires, concluded they were the source of the problem and replaced the cover of the box. He did not track the route of the burned wires or even examine the air bag system. On cross examination, Mr. Smith testified that he has no knowledge regarding air bag design and could not identify any manufacturing defect. Furthermore, his testimony was contradicted by that of defendant's experts. Mr. Nranian testified that the wires referred to by Mr. Smith are not connected to the air bag system. Mr. Helton testified that the "shorted" wires that caused the air bag to deploy according to Mr. Smith were not shorted at all. He stated that the wires were exposed to an external heat source and did not exhibit any defining characteristics of internal malfunctions.

After reviewing the record, we find that no evidence exists indicating a specific defect in the vehicle when it left defendant's control. We further find that the evidence does not support an inference of negligence on defendant's part. Accordingly, we reverse the judgment of the trial court.

**CONCLUSION**

The judgment of the trial court is reversed.  Costs of this appeal are assessed to plaintiff.

**REVERSED.**