820 So.2d 542 (2002)
J. Jude QUEBEDEAUX and Wendy Quebedeaux,
v.
The DOW CHEMICAL COMPANY and John Dandridge, Reliance Insurance Co. and Dorinco Reinsurance Co.
No. 2001-C-2297.
Supreme Court of Louisiana.
June 21, 2002.
*543 Karen E. Dugas, Plaquemine, and Gregory E. Bodin, John S. Tharp, Taylor, Porter, Brooks & Phillips, Baton Rouge, Counsel for Applicant.
Neil D. Sweeney, Kenner O. Miller, Sweeney & Miller, Baton Rouge; Allen J. Myles, Plaquemine, Counsel for Respondent.
Harry A. Johnson, III, Charles S McCowan, Jr., Shannan S. Rieger, Baton Rouge, Counsel for Amici Curiae Louisiana Chemical Association and Louisiana Association of Business and Industry.
D. Scott Landry, Baton Rouge, Counsel for Amicus Curiae Louisiana Society for Human Resources Management.
KNOLL, Justice.
Following a fistic encounter between two employees at work, both were terminated by their employer for breaking company policy prohibiting fighting in the workplace. Thereafter, plaintiff filed the present intentional tort suit against the fellow employee with whom he fought and against the employer, alleging the employer is vicariously liable not only for his personal injuries from the fight, but also for lost wages and benefits, and general damages for his termination as a result of the fight. It is undisputed that the employer is vicariously liable for the damages caused by the personal injuries resulting from the fight. What is disputed and the issue that provoked this writ is whether the employer is vicariously liable for any damages arising out of the employee's termination. Finding the employment-at-will doctrine bars recovery of these damages, we reverse the lower courts' damage awards and remand this matter to the court of appeal to reconsider damages in accordance with the views expressed in this opinion.

FACTS AND PROCEDURAL HISTORY
Julice Jude Quebedeaux and John Dandridge were employed by Dow Chemical Company (Dow) as operators in the polyethylene (plastic) extrusion area. On August 28, 1992, while at work, a heated verbal argument ensued between the two men over Mr. Quebedeaux's delay in transferring the processed plastic pellets from one storage unit to another. After numerous profanities were exchanged, Mr. Dandridge walked over to where Mr. Quebedeaux was seated and grabbed him by the neck, causing Mr. Quebedeaux to fall to the floor. As a result, Mr. Quebedeaux allegedly sustained scratches to his neck and injuries to his elbow, hip, and leg. *544 None of Mr. Quebedeaux's injuries necessitated medical attention.
Several days later, Mr. Quebedeaux and Mr. Dandridge presented his version of the facts to an Employee Review Committee, which recommended termination of both employees. After considering the committee's recommendation, Dow terminated Mr. Quebedeaux and Mr. Dandridge for violating its policy prohibiting fighting in the workplace.[1]
Thereafter, Mr. Quebedeaux and his wife, Wendy Quebedeaux, (plaintiffs) filed suit against Mr. Dandridge and Dow.[2] In their petition for damages, plaintiffs sought recovery of the following alleged damages caused by Mr. Dandridge's intentional act: (1) physical pain and suffering; (2) mental anguish resulting from the altercation and subsequent termination; (3) past lost wages; and (4) future lost wages. Plaintiffs also sought damages for Mrs. Quebedeaux's alleged loss of consortium. In their petition, plaintiffs contended Dow is vicariously liable for the damages caused by its employee, Mr. Dandridge, through the legal doctrine of respondeat superior.
After a two day trial, the jury rendered a verdict in favor of plaintiffs, finding that Mr. Dandridge committed a battery upon Mr. Quebedeaux and that Dow was vicariously liable for the intentional tort. The jury awarded Mr. Quebedeaux $48,500 in general damages; $45,000 in past lost earnings and benefits; $50,000 in future lost earnings; and $80,000 in future lost benefits.
The jury further found Mrs. Quebedeaux suffered a loss of consortium and awarded her $15,000 in general damages. The jury attributed 35% of the fault to Mr. Quebedeaux and 65% of the fault to Mr. Dandridge. Accordingly, a judgment was signed awarding Mr. Quebedeaux $145,275 plus interest and costs, and Mrs. Quebedeaux $9,750 plus interest and costs.
Dow appealed the judgment to the First Circuit, which affirmed.[3]See Quebedeaux v. Dow Chemical Co., 00-0465 (La.App. 1st Cir.05/11/01), 809 So.2d 983. We granted Dow's writ application to address a perceived conflict between the employmentat-will doctrine and an employee's right to sue his employer in tort for intentional acts committed by his co-employee while in the course and scope of employment.[4] *545 See Quebedeaux v. Dow Chemical Co., 01-2297 (La.11/21/01), 801 So.2d 1080.

DISCUSSION
Dow concedes Mr. Dandridge committed the intentional tort of battery upon Mr. Quebedeaux and thus the exclusivity provisions of the Louisiana Workers' Compensation Act do not preclude plaintiffs' tort suit against Dow. See LSA-R.S. 23:1032(B); Bazley v. Tortorich, 397 So.2d 475 (La.1981). Moreover, Dow concedes Mr. Dandridge was in the course and scope of his employment when the battery occurred. But Dow disputes the extent of its vicarious liability.[5] Specifically, Dow admits it "is responsible for the recoverable damages sustained by plaintiff as a result or consequence of any physical injury caused by the battery."[6] However, Dow contends it is not vicariously liable for general damages or lost wages or benefits resulting from terminating Mr. Quebedeaux; Dow argues the employment-at-will doctrine bars it from being vicariously liable for damages resulting from termination.
On the other hand, plaintiffs argue the employment-at-will doctrine does not shield Dow from vicarious liability for the damages caused by its employee, Mr. Dandridge. They assert the doctrine merely prevents an employee from suing for wrongful discharge. Thus, alleging their claim is not for wrongful discharge, plaintiffs maintain the employment-at-will doctrine is inapplicable. We disagree.
The employer-employee relationship is a contractual relationship. As such, an employer and employee may negotiate the terms of an employment contract and agree to any terms not prohibited by law or public policy. When the employer and employee are silent on the terms of the employment contract, the civil code provides the default rule of employment-at-will. Cf. Anderson v. Douglas & Lomason Co., 540 N.W.2d 277, 281 (Iowa 1995) ("[T]he doctrine of employment at-will is merely a gap-filler, a judicially created presumption utilized when parties to an employment contract are silent as to duration."). This default rule is contained in LSA-C.C. art. 2747.[7]
Under LSA-C.C. art. 2747, generally, "an employer is at liberty to dismiss an employee at any time for any reason without incurring liability for the discharge." See Williams v. Delta Haven, Inc., 416 So.2d 637 (La.App. 2nd Cir.1982). However, this right is tempered by numerous federal and state laws which proscribe certain reasons for dismissal of an at-will employee. For instance, an employee cannot be terminated because of his race, sex, or religious beliefs.[8] Moreover, various *546 state statutes prevent employers from discharging an employee for exercising certain statutory rights, such as the right to present workers' compensation claims.[9] Aside from the federal and state statutory exceptions, there are no "[b]road policy considerations creating exceptions to employment at will and affecting relations between employer and employee." See Gil v. Metal Service Corp., 412 So.2d 706, 708 (La.App. 4th Cir.1982).
In this case, plaintiff's do not deny Dow's allegation that Mr. Quebedeaux was an at-will employee. Nor do they allege Mr. Quebedeaux's termination was contrary to law. Thus, Dow was free to terminate Mr. Quebedeaux without incurring liability for the discharge. However, plaintiffs, nevertheless, argue Dow is vicariously liable for the damages arising out of Mr. Quebedeaux's termination because "but for the fight" plaintiff would not have been fired. We reject this argument and hold the employment-at-will doctrine bars vicarious liability for damages arising out of termination of an employee under the circumstances of this case. We find victim compensation, which is one of the primary policies supporting vicarious liability, must give way to the employment-at-will doctrine, which furthers broader societal policies, such as maintaining a free and efficient flow of human resources. We also observe that, if we were to accept plaintiffs' argument, employers would be placed in the precarious position of having to retain combatant employees following workplace fights to avoid vicarious liability for any damages arising out of termination. Such a result would unfairly hamstring employers from making sensible business decisions. See Rooney v. Tyson, 91 N.Y.2d 685, 674 N.Y.S.2d 616, 697 N.E.2d 571, 580 (1998) ("We have noted that the `original purposes of the employment-at-will doctrine were to afford employees the freedom to contract to suit their needs and to allow employers to exercise their best judgment with regard to employment matters.'"). However, we underscore that our holding is limited. An employee may still apply general principles of tort law to hold his employer vicariously liable for other damages arising out of an intentional tort committed by his co-employee. See Jones v. Thomas, 426 So.2d 609, 612 (La.1983) ("We further conclude that application of general tort law may make the employer vicariously liable for the intentional acts of the injured employee's coemployee.").

DECREE
For the foregoing reasons, we reverse and set aside that portion of the lower courts' judgments pertaining to plaintiffs' damage awards, and remand this matter to the court of appeal to determine the proper quantum for plaintiffs' damages, consistent with the views expressed in this opinion.
DAMAGE AWARDS REVERSED AND CASE REMANDED.
CALOGERO, C.J., concurs and assigns reasons.
KIMBALL and WEIMER, JJ., additionally concurs and assigns reasons.
TRAYLOR, J., additionally concurs for reasons assigned by KIMBALL, J.
JOHNSON, J., concurs in result.
*547 CALOGERO, Chief Justice concurs and assigns reasons:
I concur in the result for the basic reason that Louisiana Civil Code article 2320 holds employers liable "for the damage occasioned by their servants" and here, Mr. Quebedeaux was fired for his own involvement in a fight, not solely because of the actions of Mr. Dandridge. I find no need, nor do I think it to be correct to hold as the majority has, that "the primary policies supporting vicarious liability, must give way to the employment-at-will doctrine." For the foregoing reasons, I respectfully concur.
KIMBALL, J., additionally concurring.
While I agree with the majority's treatment of the employment at will doctrine, I write separately to also point out that, in my view, Dow should not be held liable under principles of vicarious liability. Louisiana Civil Code article 2320 states that "employers are liable for the damage occasioned by their servants ... in the exercise of the functions in which they are employed" (emphasis added). Mr. Quebedeaux seeks recovery for lost wages and benefits due to his termination by his employer, Dow Chemical, which had a policy against fighting in the workplace. The record shows that both Mr. Quebedeaux and Mr. Dandridge had roles in the fight, and the jury accordingly attributed 35% of the fault to Mr. Quebedeaux and 65% of the fault to Mr. Dandridge. Dow terminated Mr. Quebedeaux because of his own role in the fight, not because he was an innocent victim of a battery inflicted by Mr. Dandridge. Therefore, Mr. Quebedeaux's termination was occasioned by Mr. Quebedeaux, not by Mr. Dandridge. For this reason, I conclude that Dow Chemical is not liable to Mr. Quebedeaux for lost wages and benefits under the principles of vicarious liability expressed in article 2320.
WEIMER, J., additionally concurring.
Vicarious liability based on respondeat superior simply has no application based on the facts of this matter.
The vicarious liability of the employer must be measured by the liability of the employee. When vicarious liability based on respondeat superior applies, the responsibility of the employer is coextensive with the responsibility of the employee who committed the tort. Based on the facts of this case, Dandridge could not be liable for tortious conduct relative to the termination because he had no authority to terminate Quebedeaux.[1] Thus, there is no vicarious responsibility to impose on the employer relative to the termination. "It goes without saying that if the employee is not guilty of tortious conduct in the alleged wrong [then] there is no vicarious responsibility on the employer." 12 WILLIAM E. CRAWFORD, LOUISIANA CIVIL LAW TREATISE: TORT LAW § 9.11D (2000).
In this matter, the plaintiffs have demanded damages from the employer, not for wrongful termination, but based on vicarious liability due to the acts of a fellow employee. However, in demanding damages based on vicarious liability, the plaintiff must accept the limitations which accompany that theory of recovery. Vicarious liability limits the liability of the employer to liability for the acts of the employee.
Dandridge could not terminate Quebedeaux's employmentonly Dow Chemical could do so. Thus, based on the concept of vicarious liability, Dow Chemical can not be liable for that which Dandridge could not doterminate Quebedeaux.
*548 Quebedeaux was found to be partially at fault for the altercation which resulted in his termination. This finding was made by an Employee Review Committee, by Dow Chemical, and by the jury. The jury determined Quebedeaux bore 35% of the fault for the altercation. Quebedeaux was not terminated because he was battered, he was terminated for his role in the incident. Thus, he was completely responsible for his termination. It would be illogical for an employee who was justifiably terminated by his employer to recover damages related to his termination from that former employer. Essentially, the plaintiff is attempting to do through a back door what he cannot do through the front doorhold Dow Chemical liable for damages related to his termination when he was justifiably terminated. Such a means of ingress cannot be sanctioned.
Based on the facts of this case, vicarious liability simply does not apply to impose liability on Dow Chemical for lost benefits and general damages arising out of Quebedeaux's termination.
NOTES
[1] Dow's written policy provided as follows:

PERSONAL CONDUCT
Certain limitations on personal behavior are necessary in every organization to ensure orderly and safe operations. Although good conduct derives directly from common sense and good judgment, it is helpful to list as reminders some of the rules that most vitally affect employee welfare. Below are certain acts or items which will normally result in termination:
. . . .
Fighting
. . . .
The following acts or items will normally result in disciplinary action and possibly termination:
. . . .
Excessive use of profane and abusive language Pl. Exh. 11. Mr. Quebedeaux's separation notice from Dow shows he was discharged (fired) on September 8, 1992 for "violation of company policy." Pl. Exh. 12.
[2] In an amended petition, two of Dow's insurers, Reliance National Insurance Company and Dorinco Reinsurance Company, were added as defendants. Neither is before the court.
[3] Mr. Dandridge did not appeal the district court's judgment. Thus, the judgment is final as to him.
[4] We granted Dow's writ application only to address whether the employment-at-will doctrine bars an employer's vicarious liability for damages arising out of the termination of an employee under the circumstances of this case.
[5] Vicarious liability is liability for the tortious act of another person. See Dan B. Dobbs, The Law of Torts, § 333, at 905 (2001). Vicarious liability is most often imposed on an employer for the torts of its employee committed in the course and scope of employment. At common law, the Latin phrase respondeat superior ("let the master answer") denotes this type of liability. Id.; Frank L. Maraist & Thomas C. Galligan, Jr., Louisiana Tort Law, § 13-2, at 308-09 (1996). In Louisiana, this concept is codified. See LSA-C.C. art. 2320; LSA-R.S. 9:3921.
[6] Dow's Brf. at 9.
[7] LSA-C.C. art. 2747 states:

A man is at liberty to dismiss a hired servant attached to his person or family, without assigning any reason for so doing. The servant is also free to depart without assigning any cause.
[8] See 42 U.S.C.A. § 2000e et seq. (prohibits discrimination by both private and governmental employers in all aspects of employment based on race, religion, sex, color, or national origin); 42 U.S.C.A. § 1981 (prohibits discrimination based on race); LSA-R.S. 23:301 et seq. (prohibits intentional discrimination in terms or conditions of employment based on race, color, creed, religion, sex, national origin, disability, age, and sickle cell trait).
[9] See LSA-R.S. 23:1361 (prohibits retaliation against workers' compensation claimants).
[1] Dandridge did engage in tortious conduct relative to the battery.