# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 04-926


**DEVONNA FAUNTLEROY**

**VERSUS**

**RAINBOW MARKETERS & ET AL. IN SOLIDO**


**\*\*\*\*\*\*\*\*\*\***


APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 20034529
HONORABLE JULES D. EDWARDS, III, DISTRICT JUDGE


**\*\*\*\*\*\*\*\*\*\***


**MARC T. AMY**
**JUDGE**


**\*\*\*\*\*\*\*\*\*\***


Court composed of Billie Colombaro Woodard, Marc T. Amy, and Billy Howard Ezell, Judges.

**AFFIRMED.**

**R. Kent Dupre**
**Agent for Rainbow Marketers**
**217 East Kaliste Saloom, Suite 202**
**Lafayette, LA   70508**
**(337) 235-5098**
**COUNSEL FOR DEFENDANT/APPELLEE:**
        **Rainbow Marketers, Inc.**

**Michael D. Hebert**
**Steven J. Dupuis, Jr.**
**Milling, Benson, Woodward**
**Post Office Box 51327**
**Lafayette, LA   70505-1327**
**(337) 232-3929**
**COUNSEL FOR DEFENDANT/APPELLEE:**
        **Rainbow Marketers, Inc.**

**Patrick S. Garrity**
**Steffes, Vingiello & McKenzie**
**3029 South Sherwood Boulevard, #100**
**Baton Rouge, LA   70816**
**(225) 368-1006**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Rainbow Marketers, Inc.**

**Devonna Fauntleroy**
**7350 Victoria Drive**
**Maurice, LA   70555**
**(337) 892-6751**
**In Proper Person**

AMY, Judge.

The plaintiff, a former employee of the defendant, filed suit for wrongful termination and benefits under the federal Family Medical Leave Act and Consolidated Omnibus Budget Reconciliation Act. The trial court found in favor of the defendant, concluding that the plaintiff had not met her burden of proof as to certain elements of her claims. The plaintiff now appeals. For the following reasons, we affirm.

### Factual and Procedural Background

Devonna Fauntleroy alleged in her "Petition for Damages Pre-Trial Brief"[1] that she was employed by Rainbow Marketers, Inc. ("Rainbow") from November 26, 2001 until August 25, 2002 as a manager. In her "Petition for Damages," the plaintiff alleged that due to injuries that she sustained in an automobile accident, she took leave from work on August 11, 2002. The plaintiff also stated in her "Petition for Damages" that Rainbow terminated her employment during that leave on August 26, 2002.

Ms. Fauntleroy filed suit on August 25, 2003, alleging that Rainbow had wrongfully discharged her and asserting entitlement to continued health care benefits under the Consolidated Omnibus Budget Reconciliation Act (COBRA), 29 U.S.C. § 1161 *et seq*. (2003). In her subsequent pre-trial brief, the plaintiff further alleged entitlement to return to work under the Family Medical Leave Act (FMLA), 29 C.F.R. § 825.100 *et seq*. (2003).

---

[1] The plaintiff submitted a number of pleadings alleging facts in support of her claims. The pleadings included: an August 25, 2003 "Petition for Damages"; an October 20, 2003 "Response to Answer Filed By Defendant and Request for Jury Trial"; and a February 2, 2004 "Petition for Damages Pre-Trial Brief."

Following a bench trial, the trial court ruled in favor of the defendant. The trial judge stated in his oral reasons for judgment that, due to a lack of evidence admitted, the plaintiff failed to meet her burden at trial on any of her claims.

The plaintiff appeals, appearing before the court in proper person, and argues that the trial court erred in not granting her default judgment motion and in its ruling that she had not met her burden of proof as to any of her claims.

**Discussion**

*Wrongful Termination*

Ms. Fauntleroy argues that she was wrongfully terminated, asserting in her brief to this court that she was terminated while subject to a physician's release from work.

The employer-employee relationship is contractual in nature. *Quebedeaux v. Dow Chemical Co.*, 01-2297 (La. 6/21/02), 820 So.2d 542. "As such, an employer and employee may negotiate the terms of an employment contract and agree to any terms not prohibited by law or public policy." *Id*. at 545. When they have not effected an employment contract, the Louisiana Civil Code defines the default relationship as at-will employment. *Id*. Article 2747 states:

> A man is at liberty to dismiss a hired servant attached to his person or family, without assigning any reason for doing so. The servant is also free to depart without assigning any cause.

In an at-will employment relationship, employment may generally be terminated by either party at any time or for any reason without liability. *Quebedeaux,* 820 So.2d 542 (*quoting Williams v. Delta Haven, Inc*., 416 So.2d 637 (La.App. 2 Cir. 1982)).

2

However, a number of federal and state statutes prohibit dismissal for various reasons.[2] *Id.*

The trial court explained in oral reasons for ruling that Ms. Fauntleroy did not present evidence of an employment contract, leading it to consider the employment relationship to be at-will. The trial court stated:

> Okay, plaintiff is alleging that she was wrongfully terminated and is seeking COBRA benefits and Family and Medical Leave Act benefits which direct – go to lost wages.

> However, plaintiff did not prove any employment contract, and this is an employment at will state which means that an employer can fire you for any reason or no reason.

> Workers' compensation [sic] is an – essentially an insurance program that covers employer – employees from the risk of being unemployed and entitlement to unemployment benefits. It does not equate to entitlement to any sort of damages for wrongful termination lawsuit. [sic] You would have to have some – something that was not presented in this case to be entitled to that.

On review, an appellate court may not set aside the findings of fact by the trial court unless those findings are clearly wrong or manifestly erroneous. *Rosell v. ESCO*, 549 So.2d 840 (La.1989). Further, an appellate court must not base its determination on whether it considers the trier of fact's conclusion to be right or wrong, but on whether the factfinder's conclusion was reasonable. *Stobart v. State, Dep't of Transp. & Dev.*, 617 So.2d 880 (La.1993). However, with regard to decisions of law, a trial court's decision is subject to *de novo* review. *See Hall v. Folger Coffee Co.*, 03-1734 (La. 4/14/04), 874 So.2d 90.

---

[2] *See e.g.* 42 U.S.C. § 2000(e) *et seq.* (prohibits discrimination by employers on basis of race, religion, sex, color or national origin); 42 U.S.C. 1981 (prohibits discrimination based on race); La.R.S. 23:301 *et seq.* (prohibits intentional discrimination by employers on basis of race, color, creed, religion, sex, national origin, disability, age, sickle cell trait). *See also* La.R.S. 23:1361 (prohibits unlawful discrimination against employees who file a claim for workers' compensation benefits); La.R.S. 30:2027 (prohibits retaliation due to an employee's report of environmental violations).

In a civil case, Louisiana courts require a plaintiff to fulfill his or her burden to prove a prima facie case. *See Collins v. McElveen*, 96-633 (La.App. 3 Cir. 11/6/96), 682 So.2d 978; *Dupre v. Joe's Riverside Seafood*, 578 So.2d 158 (La.App. 1 Cir. 3/2/91). In this case, the record reflects that the trial judge instructed the parties that "[t]he plaintiff has the burden of proof. The plaintiff is required to prove that what the plaintiff is saying is more likely true . . . than not true. And the defendant does not have a burden of proof in this case."

The Louisiana Department of Labor considered the circumstances of Ms. Fauntleroy's employment and termination when she applied for state unemployment benefits following her discharge.[3] Despite the Louisiana Department of Labor's determination that her discharge was "because of absenteeism due to personal illness/medical reasons[,]" our review of the record reveals that the plaintiff failed to show any evidence of a violation of a federal or state statute limiting the ability to terminate the relationship at-will. Given this absence of proof of a wrongful basis for Ms. Fauntleroy's discharge, we conclude that the trial court's determination that Ms. Fauntleroy failed to prove that the defendant wrongfully terminated the at-will relationship was not clearly wrong.

*Family Medical Leave Act*

Ms. Fauntleroy further argues that the termination of her employment and health care benefits following her leave from work, which she contends was due to an automobile accident in August 2002, violated rights provided by the FMLA.

> The Family and Medical Leave Act of 1993 . . . allows 'eligible' employees of a covered employer to take job-protected, unpaid leave, or

---

[3] The record does not contain any of the application documents; it only contains the "Notice of Claim Determination", which was attached as an exhibit to the plaintiff's "Response to Answer Filed by Defendant and Request for Jury Trial" and was also entered at trial.

4

to substitute appropriate paid leave if the employee has earned or accrued it, for up to a total of 12 work weeks in any 12 months . . . because the employee's own serious health condition makes the employee unable to perform the functions of his or her job.

29 C.F.R. § 825.100 (2003). The Act generally allows employees to return to their positions at the termination of the leave. *Id.* The Act also entitles those employees to continued maintenance of their health care benefits during their leave. *Id.*

As an initial matter, the FMLA requires employees to meet specified minimum requirements to receive benefits. *See* 29 C.F.R. §§ 825.100, 825.110 (2003). The Act defines which employees are "eligible," providing in pertinent part:

(a) An "eligible employee" is an employee of a covered employer who:

(1) Has been employed by the employer for at least 12 months, and

(2) Has been employed for at least 1,250 hours of service during the 12-month period immediately preceding the commencement of the leave, and

(3) Is employed at a worksite where 50 or more employees are employed by the employer within 75 miles of that worksite.

29 C.F.R. § 825.110 (2003).

Reference to the statute indicates that in order to carry her burden and prove herself an eligible employee under the FMLA, the plaintiff would have had to present evidence proving that she had been employed by Rainbow for at least 12 months; that she had worked for the requisite number of hours during the twelve months prior to the commencement of her leave; and that Rainbow employed at least 50 employees within a 75 mile radius of Ms. Fontleroy's worksite. *See* 29 C.F.R. § 825.100 (2003).

The trial court noted the statute's eligibility requirements in assessing whether the plaintiff had met her burden of proof, stating:

The Family and Medical Leave Act ... only applies to employers who employ fifty or more employees within seventy-five miles of the work site. And it applies to employees who have been employed for 1,250 hours during the prior twelve months.

There's no evidence the plaintiff presented on the number of hours she worked or the number of employees the employer employed within seventy-five miles of the work site.

For those reasons, plaintiff has not met her burden of proof.

Our review of the record reveals no error in the trial court's conclusion that Ms. Fauntleroy did not prove these elements as required by the FMLA.[4] Although she alleged the dates of her employment in a pre-trial brief, she did not establish these dates at trial through testimony or the introduction of evidence. An appellate court may only review evidence that is on the record, which "includes the pleadings, court minutes, transcript, judgments and other rulings, unless otherwise designated." *Martin v. Comm-Care Corp.*, 37,600, p. 5 ( La.App. 2 Cir. 10/16/03), 859 So.2d 217, 221, *writ denied,* 03-3188 (La. 2/6/04), 866 So.2d 225. "Memoranda and exhibits which were not filed into evidence in the trial court are not part of the record on appeal." *Martin*, 859 So.2d at 221. Furthermore, Ms. Fauntleroy failed to offer any physical evidentiary proof, in the form of employment or tax records or the like, to substantiate these dates. The record does not reflect any evidence as to the number of hours she worked within the relevant time frame, nor does it reflect Rainbow's size

[4]At trial, Ms. Fauntleroy presented two witnesses. Her first witness testified that she learned of Ms. Fauntleroy's employment termination when she went to retrieve Ms. Fauntleroy's paycheck and leave a medical work excuse with a representative of Rainbow. Ms. Fauntleroy's second witness, an employee at Rainbow, testified that she gave one paycheck to Ms. Fauntleroy's friend, but informed the friend on a subsequent visit that she could not provide another check for Ms. Fauntleroy because her supervisor had stated that the check was in the mail.

Ms. Fauntleroy also produced a number of exhibits, generally including copies of statutes and information regarding the FMLA and COBRA. She also submitted copies of her medical leave excuses, a bankruptcy notice relating to the defendant, a COBRA notice letter from Rainbow, a copy of a settlement offer, and a Notice of Claim Determination from the Louisiana Department of Labor.

or number of employees.  Again, these essential elements required by 29 C.F.R. § 825.110 were part of the plaintiff's burden of proof.  Because the plaintiff failed to offer sufficient evidence to prove any of the elements required by the FMLA, we find that the trial court's conclusion that the plaintiff did not meet her burden of proof on her FMLA claim was not in error.

*Consolidated Omnibus Budget Reconciliation Act*

The plaintiff argues that Rainbow terminated her group health insurance coverage following her termination in violation of the requirements of COBRA. Ms. Fauntleroy alleges that COBRA required Rainbow to offer her continued health insurance coverage under the company's health insurance plan.

The relevant sections of the Consolidated Omnibus Budget Reconciliation Act generally state that upon the occurrence of a "qualifying event," a qualified beneficiary of a group health care plan is entitled to elect continued coverage under the plan. *See* 29 U.S.C. § 1161(a) (2003).  The termination of a covered employee's employment qualifies as one of the listed qualifying events. 29 U.S.C. § 1163 (2003). This benefit does not apply to "any group health plan for any calendar year if all employers maintaining such plan normally employed fewer than 20 employees on a typical business day during the preceding year."  29 U.S.C. § 1161(b) (2003).[5]

We need not consider the complex statutory framework of COBRA further to find that the record supports the trial judge's decision.  The trial court noted that one of the eligibility requirements of the statute considers the size of the employer.  The trial judge stated in his opinion that the "plaintiff presented no evidence of the number of employees that this employer employed over the year prior to her

[5] We note that the trial court made an additional reference to a similar requirement of the Act.

7

termination." As our review of the record also revealed no evidence of proof of this element offered by the plaintiff, we conclude that the trial court's determination is supported by the record. Thus, there is no error in the determination that Ms. Fauntleroy did not meet her burden of proof on her claim for COBRA benefits.

*Default Judgment*

Finally, the plaintiff alleges as error the trial court's acceptance of the defendant's Answer on the same day as the Preliminary Default Judgment was granted.

The Louisiana Code of Civil Procedure outlines the procedure and proof necessary for the two-step process used to obtain a default judgment. *See* La.Code Civ.P. arts. 1701-1704. In an ordinary proceeding, the defendant in a principal action must file an answer within fifteen days after service of the citation. La.Code Civ.P. art. 1001. "Notwithstanding the provisions of Article 1001, the defendant may file his answer at any time prior to confirmation of a default judgment against him." La.Code Civ.P. art. 1002.

In this case, the record reveals that the defendant filed its Answer on October 2, 2003. The record reveals no confirmation of the preliminary judgment prior to that time. In accordance with Louisiana Code of Civil Procedure Article 1002, Rainbow's Answer was clearly filed prior to confirmation of the default judgment and was thus timely.

Accordingly, the determination that the Answer was timely was not in error. This argument is without merit.

**DECREE**

For the foregoing reasons, the judgment of the trial court is affirmed. All costs of this proceeding are assigned to the plaintiff, Devonna Fauntleroy.

**AFFIRMED.**