# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 07-731

**NORA E. WHIPPLE**

**VERSUS**

**MCDONALD'S RESTAURANT
MANAGERS, ET AL.**

**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT,
PARISH OF VERNON, NO. 76,756, DIV. B
HONORABLE JOHN C. FORD, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

## J. DAVID PAINTER
## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of John D. Saunders, Oswald A. Decuir, and J. David Painter, Judges.

**AFFIRMED.**

**Scott D. Schneider**
**201 St. Charles Avenue, Suite 3710**
**New Orleans, LA 70170**
**Counsel for Defendants-Appellees:**
    **Douglas Moore and Trish Polk**

**Nora E. Whipple, In Proper Person**
**148 Maurice Drive**
**Leesville, LA 71446**
**Counsel for Plaintiff-Appellant:**
    **Nora E. Whipple**

**PAINTER, Judge.**

Plaintiff, Nora E. Whipple, appeals the trial court's grant of an exception of no cause of action in favor of Defendants in her suit for wrongful termination. For the following reasons, we affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

Nora E. Whipple was employed at McDonalds in Leesville, Louisiana. On October 2, 2006, Whipple's employment was terminated after her cash register was short $300.00. Two days later, Whipple, in proper person, filed a "Petition for Reimbursement of Wrongful Termination." As Defendants, Whipple named Douglas Moore and Trish Polk, the two managers who terminated her employment. In the petition, Whipple did not allege the existence of any employment contract and merely alleged that Moore and Polk did not conduct an investigation into the shortage. Whipple sought lost wages, reinstatement of her employment, and the termination or demotion of Moore and Polk. On October 6, 2006, Whipple amended her petition to specify that the amount of her lost wages was $5.50 per hour based on a thirty hour work week.

Moore and Polk filed an exception of no cause of action on the grounds that Louisiana law does not recognize a cause of action for "wrongful termination" due to the adoption of the "at-will employment doctrine" in La.Civ.Code art. 2747 and further, that neither Defendant actually employed Whipple. After a hearing on the matter, the trial court granted the exception and dismissed Whipple's claims against both Moore and Polk with prejudice. Whipple filed a "Motion for Rehearing of Case No. 76556B and Request to Change Presiding Judge." Said motion and request were denied, and Whipple now appeals.

1

In her pro se appellate brief, Whipple contends that the trial court erred in not allowing her case to go to trial because: (1) the at-will doctrine can create a "slave-servant environment to exist" which is in direct conflict with the United States Constitution; (2) La.Civ.Code art. 2747 is an antiquated law; and (3) when a case is dismissed with prejudice, the trial judge commits an "unconstitutional and unethical act." For the reasons that follow, we find these arguments to be without merit and affirm the judgment of the trial court dismissing Whipple's suit against Moore and Polk with prejudice.

**DISCUSSION**

With respect to the exception of no cause of action, the Louisiana Supreme Court has stated:

> The burden of demonstrating that no cause of action has been stated is upon the mover or exceptor. In deciding the exception of no cause of action, the court must presume all factual allegations of the petition to be true and all reasonable inferences are made in favor of the non-moving party. In reviewing a trial court's ruling sustaining an exception of no cause of action, the court of appeal and this court should subject the case to de novo review because the exception raises a question of law and the lower court's decision is based only on the sufficiency of the petition.
>
> In appraising the sufficiency of the petition we follow the accepted rule that a petition should not be dismissed for failure to state a cause of action unless it appears beyond doubt that the plaintiff can prove no set of facts in support of any claim which would entitle him to relief. The question therefore is whether in the light most favorable to plaintiff, and with every doubt resolved in his behalf, the petition states any valid cause of action for relief. The petition should not be dismissed merely because plaintiff's allegations do not support the legal theory he intends to proceed on, since the court is under a duty to examine the petition to determine if the allegations provide for relief on any possible theory.
>
> As a practical matter, an exception of no cause of action is likely to be granted only in the unusual case in which the plaintiff includes allegations that show on the face of the petition that there is some insuperable bar to relief. In other words, dismissal is justified only when the allegations of the petition itself clearly demonstrate that the plaintiff does not have a cause of action, or when its allegations indicate

> the existence of an affirmative defense that appears clearly on the face of the pleading.

*City of New Orleans v. Board of Comm'rs of Orleans Levee Dist.*, 93-690, pp. 28-29 (La. 7/5/94), 640 So.2d 237, 253 (citations omitted).

The issue here is whether Whipple's "Petition for Reimbursement of Wrongful Termination" states a valid cause of action for which the law affords a remedy. A review of this petition and the subsequent amending petition in light of the substantive employment law in the light most favorable to Whipple, and with every doubt resolved in her behalf, supports the trial court's finding that the law does not afford a remedy to her.

"The employer-employee relationship is a contractual relationship" wherein the parties may negotiate the terms thereof and "agree to any terms not prohibited by law or public policy;" however, when the parties "are silent on the terms of the employment contract, the civil code provides the default rule of employment-at-will." *Quebedeaux v. Dow Chemical Co.*, 01-2297, pp. 4-5 (La. 6/21/02), 820 So.2d 542, 545. Louisiana Civil Code Article 2747 reads: "A man is at liberty to dismiss a hired servant attached to his person or family, without assigning any reason for so doing. The servant is also free to depart without assigning any cause." Accordingly, an employer is generally at liberty to dismiss an employee at any time, for any reason, without incurring liability for the discharge. *Quebedeaux*, 820 So.2d at 542. This right is tempered by federal and state laws proscribing certain reasons for termination of an at-will employee such as race, sex, or religious beliefs. *Id*. But, there are no "[b]road policy considerations creating exceptions to employment at will and affecting relations between employer and employee." *Id*. at 546, *quoting Gil v. Metal Service Corp.*, 412 So.2d 706, 708 (La.App. 4th Cir.1982).

3

Whipple does not dispute the fact that her employment with McDonalds was at-will, nor does she dispute the fact that neither Moore nor Polk was her actual employer. Further, neither her petition nor amending petition alleges the violation of any law by Moore or Polk. Additionally, the suit was brought against two managers rather than Whipple's actual employer. Despite Whipple's allegation that the law is antiquated, it is still the law. We see no conflict between the at-will employment doctrine and the Constitutional bar on slavery. Given these facts and our de novo review of the record as a whole, we are convinced, beyond doubt, that Whipple can prove no set of facts in support of any claim which would entitle her to relief against Moore and Polk. Therefore, the trial court was correct in finding that the law does not afford a remedy to her.

We find no merit in Whipple's argument concerning the dismissal with prejudice. While we recognize that Whipple misunderstands the use of the term "prejudice" in the dismissal[1], a pro se litigant assumes all responsibility for her own inadequacies and lack of knowledge of procedural and substantive laws. *Ledbetter v. Wheeler*, 31,357 (La.App. 2d Cir. 12/9/98), 722 So.2d 382. We consider that the dismissal of Whipple's petitions is not based on her unfounded assertion of judicial bias but on the basis of law.

When the grounds of the exception of no cause of action may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within a delay allowed by the court. If the grounds of the objection cannot be so removed, or if plaintiff fails to comply with the order to amend, the action shall be dismissed. La.Code Civ.P. art. 934. In this case, it does not appear

---

[1]Louisiana Code of Civil Procedure article 1673 provides: "A judgment of dismissal with prejudice shall have the effect of a final judgment of absolute dismissal after trial. A judgment of dismissal without prejudice shall not constitute a bar to another suit on the same cause of action."

4

that the grounds of Defendants' objection could have been removed by amendment of the pleadings. Therefore, we find that the dismissal of the petitions with prejudice as to Moore and Polk was proper.

## DECREE

For the foregoing reasons, we affirm the judgment of the trial court granting the exception of no cause of action against Defendants and dismissing Plaintiff's claims against them with prejudice. Costs of this appeal are assessed to Plaintiff-Appellant, Nora E. Whipple.

**AFFIRMED.**