# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 09-311

**FRANK CURIEL, SR.**

**VERSUS**

**JOEY ALCEDE, ET AL.**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2006-703
HONORABLE CLAYTON DAVIS, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**ELIZABETH A. PICKETT
JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Michael G. Sullivan, Elizabeth A. Pickett, and Billy Howard Ezell, Judges.

**AFFIRMED.**

Terry B. Soileau
Attorney at Law
709 E. Canino Road
Houston, TX 77037
Counsel for Plaintiff/Appellant:
    Frank Curiel, Sr.

Stephen C. Dwight
David F. Dwight
Dwight Law Firm
1400 Ryan St.
Lake Charles, LA 70601
Counsel for Defendants/ Appellees:
    Joey Alcede, Marshal Ward 3
    Karl Gillard, Chief Deputy Marshal Ward 3

**Pickett, J.**

The plaintiff, Frank Curiel, Sr., appeals a judgment of the trial court granting a summary judgment in favor of the defendants, Joey Alcede, Marshal of Ward 3, City of Lake Charles and Karl Gillard, Chief Deputy Marshal of Ward 3, City of Lake Charles, dismissing the plaintiff's petition for damages resulting from the plaintiff's alleged "wrongful discharge." We affirm the judgment of the trial court.

## FACTS

The plaintiff, Frank Curiel, Sr., was commissioned as a reserve deputy marshal of Ward 3, City of Lake Charles. It is undisputed that this is a voluntary position which is served without compensation or employment contract from either the marshal's office or the City. This suit arose after the plaintiff's relationship with the marshal's office was terminated by Marshal Alcede for Curiel's failure to follow instructions issued by Chief Deputy Gillard regarding the scope of reserve deputy marshals' duties at Prien Lake Mall. The defendants counseled the plaintiff regarding exceeding his authority by making traffic stops while on and off duty. The plaintiff was suspended and ordered to report to the next reserve deputy marshal training class for re-training. When the plaintiff failed to attend that class, his relationship with the marshal's office was terminated. Plaintiff argues that it was his duty to make the traffic stops and that he never got notice he had been ordered to report to the next reserve deputy marshal training class for re-training.

## LAW AND DISCUSSION

In the case sub judice, the plaintiff admits that his relationship with the marshal's office was voluntary and was not entered into for any specific period of time. These are the only facts material to the resolution of this case.

1

In *McPherson v. Cingular Wireless, LLC*, 07-462, pp. 2-4 (La.App. 3 Cir.

10/3/07), 967 So.2d 573, 575-76, *writ not considered*, 07-2147 (La. 1/7/08), 972

So.2d 1150 (first omission ours), this court stated the following:

> Appellate courts review summary judgments de novo, using the same criteria that govern the trial court's consideration of whether summary judgment is appropriate. *Champagne v. Ward*, 03-3211 (La. 1/19/05), 893 So.2d 773. The inquiry is whether there is a genuine issue of material fact and whether the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966(B). "The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." *Id.* In this case, there are no material factual disputes. . . . . Thus, there are only questions of law before us. Appellate courts decide questions of law de novo. *Sabine Parish Police Jury v. Comm'r of Alcohol & Tobacco Control*, 04-1833 (La. 4/12/05), 898 So.2d 1244.

This court stated in *Leger v. Tyson Foods, Inc.*, 95-1055, p. 5 (La.App. 3 Cir. 1/31/96), 670 So.2d 397, 401, *writ denied*, 96-545 (La.4/19/96), 671 So.2d 920, that:

> Under Louisiana law, when a person is employed for an indefinite period, he is an employee at will. *Brannan v. Wyeth Labs., Inc.*, 526 So.2d 1101 (La.1988). Under the doctrine of employment at will, the employer and employee are free to terminate the employment relationship at any time without cause. La.Civ.Code art.2024.

However, as pointed out by the supreme court in *Quebedeaux v. Dow Chemical Co.*, 01-2297, pp. 4-6 (La. 6/21/02), 820 So.2d 542, 545-46:

> The employer-employee relationship is a contractual relationship. As such, an employer and employee may negotiate the terms of an employment contract and agree to any terms not prohibited by law or public policy. When the employer and employee are silent on the terms of the employment contract, the civil code provides the default rule of employment-at-will. . . . This default rule is contained in LSA-C.C. art. 2747.
>
> Under LSA-C.C. art. 2747, generally, "an employer is at liberty to dismiss an employee at any time for any reason without incurring liability for the discharge." *See Williams v. Delta Haven, Inc.*, 416 So.2d 637 (La.App. 2nd

2

Cir.1982). However, this right is tempered by numerous federal and state laws which proscribe certain reasons for dismissal of an at-will employee. For instance, an employee cannot be terminated because of his race, sex, or religious beliefs. Moreover, various state statutes prevent employers from discharging an employee for exercising certain statutory rights, such as the right to present workers' compensation claims. Aside from the federal and state statutory exceptions, there are no "[b]road policy considerations creating exceptions to employment at will and affecting relations between employer and employee." *See Gil v. Metal Service Corp.*, 412 So.2d 706, 708 (La.App. 4th Cir.1982).

(Footnotes omitted.)

The relationship between the marshal and his deputies was explained in Op.Att'y.Gen. No. 97-18: "the power to appoint allocated the marshal carries with it the power to remove. These officers have no term or tenure, but rather are 'at-will' employees and serve at the pleasure of the marshal. . . . [O]nly the marshal . . . has the power to terminate a deputy marshal, and he may do so unilaterally. . . ."

Additionally, since the relationship between the plaintiff and the marshal's office was a voluntary one, the plaintiff enjoyed *no more rights* than that of an "at-will" employee. The plaintiff does not claim that his relationship with the marshal's office was severed based upon his race, sex, religious beliefs, or any statutory right. Therefore, as per La.Civ.Code art. 2747, the marshal was free to terminate the plaintiff's relationship with his office at any time without cause.

Accordingly, for the reasons stated above, the judgment of the trial court is affirmed. All costs of this appeal are assessed against the appellant, Frank Curiel, Sr.

**AFFIRMED.**

3