h Plaintiff, Gina K. ;Lusich, appeals the trial court’s June 26, 2015 judgment sustaining the exception of no cause of action filed by defendants, Capital One ACP, LLC and Cindy Martin, and dismissing plaintiffs claims against defendants. For reasons that follow, we affirm.
This lawsuit stems from the June 22, 2013 termination of plaintiffs employment as a branch manager at Capital One Bank in St. Bernard Parish. Defendants in this *1274 case are plaintiffs former employer, Capital. One, and her former supervisor at the bank, Cindy Martin. Plaintiff claims that she is entitled to damages from defendants for -wrongful termination, defamation and tortious conversion of property. Plaintiff contends that.she was an excellent employee throughout her employment with Capital One, and was terminated from her employment as a result of being falsely accused of instructing other employees to falsify time cards. Additionally, plaintiff claims that her former employer confiscated allegedly personal property from her that she kept in her desk at the bank.
lain plaintiffs original petition for damages, she asserted her wrongful termination and defamation claims. Defendants filed an exception of no cause of action in response to that petition. The trial court denied the exception, and allowed plaintiff the opportunity to amend her petition, citing La. C.C.P. art. 934.[1] In her first amended petition, plaintiff amended her allegations regarding her claims for wrongful termination and defamation. Plaintiff subsequently filed a second amended petition, which incorporated all allegations of her original and first amended petitions, and -added a new claim for tortious conversion of property. '
Defendants filed an exception of no cause of action in response to plaintiff’s second amended petition. The trial court sustained defendants’ exception of no cause of action, and dismissed plaintiffs claims against defendants.[2]
On appeal, plaintiff presents the following assignments of error: 1) the trial court erred in ruling on the merits of the case; ’2) the trial court erred in finding plaintiffs second amended petition insufficient to state a cause of action; 3) the trial court erred in failing to interpret the amended petition in the light most favorable to plaintiff; 4) the trial court erred in sustaining defendants’ exception of no cause of action, and not converting it to an exception of vagueness after finding |sit to be insufficient; and 5) the trial court erred in giving deference to procedural law over substantive law.
An appellate court reviews a ruling sustaining. an exception of no cause of action under a de novo standard because the exception raises a question of law, and the trial court’s determination is based solely on the sufficiency of the petition. Badeaux v. Southwest Computer Bureau, Inc., 2005-0612, 2005-0719, p. 7 (La.3/17/06), 929 So.2d 1211, 1217. An exception of no cause of ‘ action questions whether the law extends a remedy against the defendant to anyone under the factual allegations of the petition. Id. No evidence may be introduced to support or controvert the objection that the petition fails to state a cause of action. La. C.C.P. art. 931. Therefore, the court, accepting the well-pleaded allegations of fact as true, must determine whether, on the face of the petition, the plaintiff is legally entitled to the relief sought. Jackson v. State ex rel. Dept of Corr., 2000-2882, pp. 3-4 (La.5/15/01), 785 So.2d 803, 806. A petition should not be dismissed for failure to state a cause of action unless it appears beyond doubt that the plaintiff can prove no set of facts in support of any claim which would entitle him to relief. Wallace *1275 C. Drennan, Inc. v. Sewerage & Water Bd. of New Orleans, 98-2423, p. 4 (La.App. 4 Cir. 9/22/99), 758 So.2d 861, 864.
In plaintiffs first assignment of error, she argues that the trial court ruled on the merits of the case instead of merely determining' whether plaintiffs second amended petition states, a cause of action.' This argument is based on statements made in the trial court’s'reasons for judgment. ' Reasons for judgment, while | .(defining arid elucidating the principles upon which' the trial court is deciding a case, form no part of the official judgment. Davis v. Hoffman, 2000-2326, pp. 6-7 (La.App, 4 Cir. 10/24/01), 800 So.2d 1028, 1032. “Appeals are taken from the judgment, not the written reasons for judgment.” Greater New Orleans Expressway Com’n v. Olivier, 2002-2795,- p. 3 (La.11/18/03), 860 So.2d 22, 24. This assignment of error is without merit.
In plaintiffs second and third assignments of error, she argues that the trial court erred in sustaining defendants’- exception of no causé of action.. In our de novo review,- we must determine whether plaintiffs second amended petition, which also incorporated all allegations of her original and first, amended petitions, sets forth facts sufficient to state a cause of action -against defendants. Plaintiff argues that she has sufficiently stated causes of action- for .wrongful termination, defamation and tortious conversion. We will address each of these causes of action separately.
Wrongful Termination ■
Plaintiff alleged that the termination of her employment “was unlawful and illegal because defendants violated petitioner’s civil rights -by falsely accusing her and offering perjured testimony before another tribunal in an attempt- to deprive petitioner of unemployment • benefits to which petitioner was clearly entitled for being-terminated without cause and which she ultimately collected-after proving she was not at fault - in her termination.” While acknowledging that she was an “at will” employee, plaintiff nonetheless alleged-that her employment was terminated |fi“for alleged cause, an unsubstantiated, dishonest and egregious act, which never occurred.”
“An ‘at will’ employee is one that was not hired for a fixed time period; such an employee is subject to dismissal by his employer at any time, for any reason, without the employer incurring liability for wrongful discharge.” Jeansonne v. Schmolke, 2009-1467, 2009-1468, 2010-0437, p. 11 (La.App. 4 Cir. 5/19/10), 40 So.3d 347, 357. In Quebedeaux v. Dow Chemical Co., 2001-2297 (La.6/21/02), 820 So.2d 542, the Louisiana Supreme Court noted certain exceptions to the general rule that an employer may dismiss an employee at any time for any reason:
This right is tempered by numerous federal and state laws which proscribe certain reasons for dismissal of an at-will employee. For instance, an employee cannot he terminated because, of his race, sex, or religious beliefs.’ Moreover, various state statutes prevent employers from discharging an employee for exercising certain statutory rights, such as the right to present workers’ compensation claims.
Quebedeaux, 2001-2297, p. 5,. 820 So.2d at 545-546. (footnotes omitted).
Plaintiff has not alleged that she had an employment contract with Capital One for a fixed period of time. In fact, she acknowledged, that she. was an “at will” employee in the following allegation in her first amended petition:
That while Capital One and Cindy Martin had a right to fire petitioner ‘at will’ they had no. right to libel and slander her and jeopardize her future employment by making false, deceitful, dishon *1276 est and fraudulent accusations before her follow employees and former subordinates and before the La. Unemployment Commission.
While plaintiff has made a general allegation that her civil rights were violated in the termination of her employment, she did not allege that her [ r,employment was terminated for discriminatory reasons or that she was discharged for exercising statutory rights. Under the facts pled in the plaintiffs petitions, Capital One was within its rights to terminate the “at will” employment of plaintiff. Plaintiff has not set forth facts to support a cause of action for wrongful termination.

Defamation

Plaintiff alleged in her amended petition that “[d]efendants, Capital One and Cindy Martin, made false and defamatory statements to third parties, which statements because of them egregious nature and falsehood are libelous per se and not privileged.” She further alleged “[t]hat Cindy Martin was very verbal in her accusations of petitioner before numerous third parties, petitioner’s co-employees.” Further, plaintiff alleged “[t]he false and fraudulent statements against petitioner, both spoken and written by defendants, implied that petitioner was a thief, authorizing employees to steal time and money from the defendant by falsification of time cards, none of which ever existed and was known to Capital One and Cindy Martin not to exist.”
“Defamation is a tort involving an invasion of a person’s interest in his reputation and good name.” Badeaux, 2005-0612, 2005-0719, p. 8, 929 So.2d at 1218, citing Costello v. Hardy, 03-1146, p. 12 (La.1/21/04), 864 So.2d 129, 139; Sassone v. Elder, 626 So.2d 345, 350 (La.1993). In general, there are four elements neces sary to establish a defamation cause of action: (1) a false and defamatory statement concerning another; (2) an unprivileged publication to a third |7party; (3) fault (negligence or greater) on the part of the publisher; and (4) resulting injury. Costello, 03-1146 at p. 12, 864 So.2d at 139. If any one of the required elements is not sufficiently proven, the cause of action fails. Costello, 03-1146 at p. 12, 864 So.2d at 140. “A petitioner alleging a cause of action for defamation must set forth in the petition with reasonable specificity the defamatory statements allegedly published by the defendant.” Fitzgerald v. Tucker, 98-2313, p. 7 (La.6/29/99), 737 So.2d 706, 713.
A review of the petitions shows .that plaintiffs allegations regarding her defamation claim are too general to sufficiently state a cause of action for defamation; The petitions do not set forth with reasonable specificity the defamatory statements allegedly made by defendants or to whom these statements were made. We conclude that plaintiff did not state a cause of action for defamation.

Tortious Conversion

In her second amended petition, plaintiff added a claim against defendants for tortious conversion of property. This claim was based on plaintiffs allegation that she had personal files in her desk at Capital One, and that those items were not returned to her following the termination of her employment. Plaintiff desci-ibed these personal files as “her copies of all reports, assessments, evaluations, pertinent memos and other business documents.” She also stated that defendants have “caused damage and expense to plaintiff in discovery” by not returning these documents to her.
|s“In Louisiana, conversion is an intentional tort and consists of an act in derogation of the plaintiffs possessory rights.” Melerine v. O’Connor, 2013-1073, p. 5 (La.App. 4 Cir. 2/26/14), 135 So.3d 1198, 1203; see Quealy v. Paine, Webber, Jackson & Curtis, Inc., 475 So.2d 756, 760 *1277 (La.1985). “To constitute a conversion, an intentional dispossession and/or exercise of dominion or control over the property of another in denial of or inconsistent with the owner’s rights must be established.” Id. See Kinchen v. Louie Dabdoub Sell Cars, Inc., 2005-218, pp. 6-7 (La.App. 5 Cir. 10/6/05), 912 So.2d 715, 718. (Emphasis ours.)
By plaintiffs own description in her second amended petition, the documents at issue are related to her employment at Capital One. Her allegations do not support her conclusion that the unretumed items are her personal property. Plaintiff failed to state a cause of action for tortious conversion of property.
Our de novo review shows that plaintiffs second amended petition fails to state a cause of action against defendants. Accordingly, we find no merit in plaintiffs argument that the trial court erred in sustaining defendants’ exception of no cause of action filed in response to her second amended petition.
In plaintiffs fourth and fifth assignments of error, she argues that once the trial court found the second amended petition to be insufficient to state a cause of action, he should have allowed plaintiff the opportunity to amend pursuant to La. C.C.P. art. 934. Alternatively, plaintiff argues the trial court should have converted the exception of no cause of action to an exception of vagueness and allowed plaintiff the opportunity to amend the petition under that exception.
La. C.C.P. art. 934 provides:
When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within |9the delay allowed by the court. If the grounds of the objection raised through the exception cannot be so removed, or if the plaintiff fails to comply with the order to amend, the action, claim, demand, issue, or theory shall be dismissed.
“While article 934 permits a plaintiff to amend the petition to remove the objection, the decision to permit an amendment is within the sound discretion of the trial court and, therefore, will not be disturbed absent a showing of manifest error or abuse of discretion.” Massiha v. Beahm, 2007-0137, p. 4 (La.App. 4 Cir. 8/15/07), 966 So.2d 87, 89.
The record shows the trial court has already allowed two amendments to plaintiffs original petition. Her first amended petition failed to sufficiently state any cause of action against defendants, including, but not limited to, her alleged claims for defamation and wrongful termination. As for plaintiffs second amended petition alleging that defendants are liable to her for tortious conversion, plaintiffs own description of the property at issue shows that the unreturned property was not her personal property. Because we do not find the grounds for the exception of no cause of action can be removed by amendment, we find no merit in plaintiff’s argument that the trial court erred by not allowing her yet another opportunity to amend her petition or by not converting the exception of no cause of action to an exception of vagueness and allowing amendment on those grounds.
For the reasons stated above, the trial court judgment is affirmed.
AFFIRMED

. La. C.C.P, art. 934 allows for amendment of the petition when the trial court sustains an exception of no cause of action. In the judgment on defendants’ exception of no cause of action filed in response to the original petition, the trial court denied the exception, and gave plaintiff thirty days to amend her petition. Plaintiff amended her petition in accordance with this judgment. The judgment on the first exception of no cause of action is not before us in this appeal.

. Plaintiffs filed a motion for new trial, which was denied by the trial court.