STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2024 CA 0942

RAY M. NEWTON

VERSUS

ST. TAMMANY FIRE DISTRICT NO. 12, ET AL.

Judgment Rendered: **FEB 2 8 2025**

* * * * *

On Appeal from the
22nd Judicial District Court
In and for the Parish of St. Tammany
State of Louisiana
Trial Court No. 2018-14887 • Division I

Honorable Reginald T. Badeaux, III, Judge Presiding

* * * * *

David J. Schexnaydre
Mandeville, LA

Patrick J. Berrigan
Slidell, LA

Attorney for Plaintiff-Appellant,
Ray M. Newton


David I. Bordelon
Wayne Robert Maldonado
Metairie, LA

Jason Michael Nash
Shreveport, LA

Attorneys for Defendant-Appellee,
St. Tammany Fire District No. 12

* * * * *

BEFORE: McCLENDON, C.J., LANIER AND BALFOUR, JJ.

**BALFOUR, J.**

Plaintiff-appellant, Ray M. Newton, appeals the trial court's judgment dismissing his lawsuit against his former employer, defendant-appellee, Board of Commissioners of St. Tammany Fire District No. 12 (FD12). For the following reasons, we affirm the motion for summary judgment granted by the trial court.

## FACTS AND PROCEDURAL BACKGROUND

This court previously addressed the trial court's judgment granting the September 10, 2021 motion for summary judgment in *Newton v. St. Tammany Fire Dist. No. 12*, 2022-1119 (La. App. 1 Cir. 05/18/23), 2023 WL 3556319 (unpublished). Newton's original claims included breach of contract, detrimental reliance, defamation, claims under the Fair Labor Standards Act, wrongful

Subsequently, FD12 filed a motion for summary judgment on October 12, 2023, which sought dismissal of Newton's remaining claims "for wages/benefits beyond the date of termination with plaintiff being an at will employee." The trial court signed a written judgment granting FD12's motion. Newton now appeals. The limited issue before this Court on appeal is whether the trial court properly granted the October 12, 2023 Motion for Summary Judgment dismissing Newton's remaining claims with prejudice.

## STANDARD OF REVIEW

In determining whether summary judgment is appropriate, appellate courts review evidence *de novo* under the same criteria that govern the trial court's determination of whether summary judgment is appropriate. *Trufund Fin. Servs., Inc. v. City of Baton Rouge/Par. of E. Baton Rouge*, 2024-0082 (La. App. 1 Cir. 12/30/24) – So. 3d –, 2024 WL 5243961 at *5. After adequate discovery, court must grant a motion for summary judgment if the motion, memorandum, and supporting documents show there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966 A(3).

2

The party moving for summary judgment has the initial burden of proof. *See* La. C.C.P. art. 966(D)(1). The movant can meet its burden by filing a motion, memorandum, and supporting documentary evidence proving there is no genuine issue of material fact. *See* La. C.C.P. art. 966(A)(3). Nevertheless, if the movant will not bear the burden of proof at trial on the issue that is before the court on the motion, the movant's burden on the motion does not require it to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. *See* La. C.C.P. art. 966(D)(1).

Thereafter, the burden shifts to the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the movant is not entitled to judgment as a matter of law. *See* La. C.C.P. art. 966(D)(1). If, however, the movant fails in his initial burden of showing an absence of factual support for one or more of the elements of the adverse party's claim, the burden never shifts to the adverse party, and the movant is not entitled to summary judgment. *Trufund Fin. Servs., Inc.,* 2024 WL 5243961 at *4.

## LAW AND DISCUSSION

In the case at bar, the parties concede that Newton and Joseph Mitternight, former Chairman and member of FD12, entered into an oral contract. Because there is a presumption that employment is at will, Newton, as the party seeking damages under an alleged contract of employment for a limited term, bears the burden of proving he had a meeting of the minds with FD12 on the limited term of employment. *See Medwick v. MADCON Corporation,* 2021-1620 (La. App. 1st Cir. 08/08/22), 348 So. 3d 106, 112, *writ denied,* 2022-01352 (La. 11/16/22).

3

The employer–employee relationship is a contractual relationship. Thus, an employer and employee may negotiate the terms of an employment contract and agree to any terms not prohibited by law or public policy. *Quebedeaux v. Dow Chem. Co.*, 01-2297 (La. 06/21/02), 820 So. 2d 542, 545. Louisiana law provides that employment contracts are either limited term or terminable at will. *Read v. Willwoods Cnty.*, 2014-1475 (La. 03/17/15), 165 So. 3d 883, 887. Under a limited term contract, the parties agree to be bound for a certain period during which the employee is not free to depart without assigning cause nor is the employer at liberty to dismiss the employee without cause. *Id. See also* La. C.C. art. 2746. When an employee is hired under a limited term contract and is terminated without cause, the employer is liable to the employee for the amount of salary due under the contract. *Read*, 165 So. 3d at 887. When a contract does not provide for a limited term, an employer can dismiss the employee at any time and for any reason without incurring liability. *See Amer v. Roberts*, 2015-0599 (La. App. 1 Cir. 11/9/15), 184 So. 3d 123, 132. When the employer and employee are silent on the terms of the employment contract, our Civil Code provides the default rule of employment-at-will. *Quebedeaux*, 820 So. 2d at 545; *See* La. C.C. art. 2747.

Newton asserts he is entitled to damages consisting of the remainder of his salary and benefits under the terms of the contract. Because Newton is seeking enforcement of an oral contract we must determine whether Newton carried his burden of proving the existence of a limited term pursuant to La. C.C. art. 2746. Newton argues that the uncontradicted deposition testimony demonstrates that he was guaranteed a term employment at FD12 for "as long as Joe Mitternight was Chairman" or until Newton retired at 70 ½ years old.

FD12 cites *Read, supra,* for guidance on a "term" contract. Similar to our case, the plaintiff in *Read* sued his former employer for breach of a limited term oral contract of employment, seeking the remainder of his salary and benefits under the

4

contract. In that case, the decision turned on the phrase during the initial interview that "[employers] were looking for someone to make a commitment for five to six years." *Read*, 165 So. 3d at 889. However, there was no further discussion of an exact length or term of employment. Ultimately, the Louisiana Supreme Court found that the record did not establish or corroborate the existence of a set term and therefore a term contract did not exist. *Id.* at 893.

Here, after a *de novo* review, we conclude that, similar to *Read*, the record does not contain sufficient evidence to find that Newton and Mitternight entered into a term-contract. In short, "a mere reference to a term does not indicate the parties' intent to enter into a limited term employment contract." *Medwick*, 348 So. 3d at 114. The deposition testimony in the record reveals that the phrase "[a]s long as [Mitternight is] Chairman" was definitively a part of the oral contract. When asked, Newton concurred that the contract was for as long as Mitternight was on the Board or the Chairman and that Newton could retire at age 70 ½. Newton further agreed that Mitternight never gave Newton any more specifics about the terms of his contract.

Arguably, the agreement that Newton could remain employed until he reached 70 ½ years of age constituted a limited term. Significantly, however, the evidence in the record with respect to this oral contract fails to establish how long Mitternight would have been Chairman. This statement made as part of the contract is tenuous. The record contains no evidence establishing a certain date when Mitternight's Chairmanship would end. Nor was there testimony that could be construed as to his term as Chairman; he may have been able to fulfill his duties for one or 10 years. For a term contract to exist, the specific term must have been established at the outset. *See Read*, 165 So. 3d at 889. We find that none such specific term was established in the instant case.

Newton relies heavily on La. C.C. art. 1778, which states:

5

A term for the performance of an obligation is a period of time either certain or uncertain. It is certain when it is fixed. It is uncertain when it is not fixed but is determinable either by the intent of the parties or by the occurrence of a future and certain event. It is also uncertain when it is not determinable, in which case the obligation must be performed within a reasonable time.

However, Newton's reliance on La. C.C. art. 1778 is misplaced. Article 1778 is located in Book III, Title III of the Civil Code, which sets forth the law of obligations in general. In contrast, the provisions governing employment contracts are found in La. C.C. art. 2746, *et seq.*, which appear in Book III, Title IV of the Civil Code.[1]

Based on the record before us, we agree with the trial court's finding that Newton was an "at-will" employee and therefore not entitled to damages for termination without cause of a term contract.

## CONCLUSION

For the forgoing reasons, the judgment of the trial court granting summary judgment in favor of St. Tammany Fire District No. 12 is affirmed. Costs of this appeal in the amount of $997.50 are assessed to appellant, Ray M. Newton.

**AFFIRMED.**

---

[1] The general rule for statutory construction is that a specific statute controls over a broader, more general statute. *Burge v. State*, 54 So. 3d 1110, 1113 (La. 2/11/11).